# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **ORDER SETTING CONDITIONS** |
| ) | **OF RELEASE** |
| v. ) | |
| ) | |
| MARCUS JABOR ALLS ) | CR. NO. 2:05CR175-T |

**ORDER SETTING CONDITIONS OF RELEASE**

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U. S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear as directed by the court or the Pretrial Services Officer..

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( √ )  (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( √ )  (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of Twenty-five Thousand dollars ($25,000.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that **the release of the defendant is subject to the conditions marked below:**

( ) (6) The defendant is placed in the custody of:


who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____   August 18, 2005
Custodian or Proxy

(XXX) (7) The defendant shall:

(√) (a) report to Pretrial Services, Middle District of Alabama as directed by the Pretrial Services Officer.
(√) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: 25,000
( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above described
( ) (d) execute a bail bond with solvent sureties in the amount of $
(√) (e) maintain or actively seek employment.
( ) (f) maintain or comment an education program.
( ) (g) surrender any passport to
( ) (h) obtain no passport.
( ) (I) abide by the following restrictions on his personal associations, place of abode, or travel:
( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows:
( ) (l) after release for employment, education or other purpose as allowed by the Pretrial Services Officer, return to custody daily as directed by the Pretrial Services Officer.
( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services officer or supervising officer.
(√) (n) do not possess a firearm, destructive device, or other dangerous weapon.
(√) (o) refrain from excessive use of alcohol.
(√) (p) refrain from any use or unlawful possession of narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.
(√) (q) submit to any method of testing required by the pretrial services officer or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be sued with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
(√) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer. You shall pay all or part of the cost of the program based on your ability to pay as determined by the pretrial service office or supervising officer.
(√) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based on your ability to pay as determined by the pretrial service office or supervising officer.
    ( ) (I) **Curfew.** You are restricted to your residence every day as directed by the pretrial service office or supervising officer; or
    ( ) (ii) **Home Detention.** You are restricted to you residence at all times except for employment; education; religious services; other activities as approved by the pretrial service office or supervising officer; or
    ( ) (ii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances as pre-approved by the pretrial service office or supervising officer.
(√) (u) report as soon as possible, to the pretrial service office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
(√) (v) refrain from possession of any type of drug paraphernalia.

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant,; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years of more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Marcus Alls*
Defendant's Signature
Address:           6686 County Road 2262
City, State & Zip: Troy, AL 36079         Telephone: 334-372-5463

### Directions to United States Marshal

( ✓ )   The defendant is ORDERED released after processing.

( )     The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:   August 18, 2005

*Vanzetta Penn McPherson*
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

**DIRECTIONS TO CLERK:** Provide one copy each to Court File, U.S. Attorney, U.S. Marshal and Pretrial Services