IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:05-cr-175-LSC |
| | ) | |
| MARCUS JABOR ALLS | ) | |

## MOTION IN LIMINE–MUNICIPAL COURT CONVICTION

**COMES NOW** the Defendant, **MARCUS JABOR ALLS**, through undersigned counsel, and hereby moves *in limine* for an Order directing the United States to refrain from placing any statement, argument, evidence or testimony before the jury concerning Mr. Alls' prior conviction in the City of Troy Municipal Court for carrying a pistol in his vehicle without a license. In support of this motion, Mr. Alls would show the following:

1. On January 22, 2005, Troy police officers responded to a report of gunshots fired in the area of Cactus Lane in Troy, AL. While at that location, police officers recovered from Mr. Alls' car two pistols, which are charged in the indictment, a shotgun and ammunition for all three guns.

2. Alabama Code 1975 §13A-11-73 provides in part, "No person shall carry a pistol in any vehicle . . . without a license . . . ." On July 20, 2005, Mr. Alls appeared in the City of Troy Municipal Court. The attorney representing Mr. Alls on that date entered a plea of guilty on Mr. Alls' behalf to the charge of carrying a pistol in a vehicle without a license. Assistant United States Attorney David Cooke has informed undersigned counsel that the United States intends to offer proof of this conviction as evidence against Mr. Alls during

the United States' case in chief to prove that Mr. Alls is guilty of the charged offense of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1).

    3.    "To establish a prima facie case of carrying a concealed weapon without a license . . . the State must prove (1) that the accused carried a pistol, (2) in a vehicle, and (3) that the accused had no license to carry the pistol." *Sims v. State*, 733 So.2d 926, 930 (Ala.Crim.App. 1995). Considering the elements as set forth in *Sims*, the offense of carrying a pistol in a vehicle without a license in Alabama appears to be one of strict liability; that is, no knowledge element is required for a defendant to be found guilty of this offense. Therefore, Mr. Alls' conviction in the Troy Municipal Court proves only that a pistol was found in Mr. Alls' car and that Mr. Alls did not have a license to carry the pistol in his car; it does not prove that Mr. Alls **knowingly** possessed a firearm. By sharp contrast, Mr. Alls can be convicted of the offense charged in the indictment only if he **knowingly** possessed a firearm.

    4.    Mr. Alls does not dispute that the pistols identified in the indictment were found in his car. However, Mr. Alls intends to vigorously dispute that he knew that the pistols were in his car. The elements of the offense of which Mr. Alls was convicted in Municipal Court are not at all the same as the elements of the charged offense. Admitting into evidence proof of the prior conviction will only serve to confuse the jurors: the Court will have to explain to the jury the elements of the offense of carrying a pistol in a vehicle without a license, and that those elements differ from the elements of the charged offense; the Court will have to instruct the jury that the prior conviction is merely evidence that Mr.

Alls transported a pistol without a license, but that it does not prove that Mr. Alls knowingly possessed a firearm; further, the Court will have to offer some explanation to the jury as to why the Municipal Court conviction is for a singe pistol, even though two pistols are charged in the indictment. Admission of the prior conviction is only probative of whether a single pistol was found in Mr. Alls' car; it is not probative of whether Mr. Alls knew that two pistols were present in his car. Therefore, the probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury, and it should be excluded pursuant to Federal Rule of Evidence 403.

Dated this 11th day of February, 2006.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | CASE NO: 2:05-cr-175-T |
| | ) | |
| **MARCUS JABOR ALLS** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of February, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David Cooke, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49