RECEIVED
2007 SEP 26 A 11:02

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

No. 06-13540
Non-Argument Calendar

---

D. C. Docket No. 05-00175-CR-C-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS JABOR ALLS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(August 27, 2007)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Marcus Alls appeals his conviction for possession of a firearm by

a felon, in violation of 18 U.S.C. § 922(g)(1). Alls argues that the circuit's pattern *Allen* charge[1] given by the district court in his case was inherently coercive.

Our review of "a district court's decision to give an *Allen* charge is limited to evaluating the coercive impact of the charge." *United States v. Trujillo*, 146 F.3d 838, 846 (11th Cir. 1998). When the district court does not poll the jury prior to reading the *Allen* charge, as here, we will reverse only if we find under the totality of the circumstances that the charge was inherently coercive. *Id.*

In *Allen v. United States*, 164 U.S. 492, 501-02, 17 S. Ct. 154, 157 (1896), the Supreme Court upheld a charge urging jurors to reconsider whether their opinions were reasonable and to fulfill their duty to decide the case if conscientiously possible. The Supreme Court concluded that "[t]he very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Id.* at 501. Therefore, the Court stated that it "cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself." *Id.*

In *United States v. Rey*, 811 F.2d 1453, 1459 (11th Cir. 1987), we considered our circuit's pattern *Allen* charge and stated that an *Allen* charge which

---

[1] *See Eleventh Circuit Criminal Pattern Jury Instructions*, Trial Instruction No. 7 (2003).

urges jurors to reconsider whether their doubt is reasonable "virtually guarantees jury confusion" and "can intimidate individual jurors." *Id.* at 1459. Even so, we upheld the *Allen* charge based on our precedent. *Id.* at 1460; *see also United States v. Dickerson*, 248 F.3d 1036, 1050-51 (11th Cir. 2001). In *United States v. Chigbo*, 38 F.3d 543, 545 (11th Cir. 1994), we noted that the short time in which a jury returned its verdict after receiving the *Allen* charge did not change our decision. Also, we have held that a jury does not need to indicate a deadlock before the court issues an *Allen* charge. *Government of Canal Zone v. Fears*, 528 F.2d 641, 644 (5th Cir. 1976).[2]

Considering the totality of the circumstances shown in the record, we conclude that the *Allen* charge given by the district court was not inherently coercive. Accordingly, we affirm Alls's conviction.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.